Cynthia GLASS, Plaintiff–Appellant,

v.

**WELLS FARGO BANK,**
Defendant–Appellee.

No. 00–15497.

D.C. No. CV–99–01494–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

### MEMORANDUM [2]

Cynthia Glass appeals pro se the district court's judgment dismissing without leave to amend her action alleging race and religion discrimination, retaliation, and intentional infliction of emotional distress. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We review de novo the district court's dismissal of an action for failure to state a claim, and may affirm on any ground fairly supported by the record. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989).

■ Because Glass failed to allege facts sufficient to state a claim that defendant's actions were based on race and religion, the district court did not err by dismissing her discrimination claims. *See Wallis v.*

*J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994).

■ Because Glass failed to claim facts sufficiently severe or pervasive to alter her working environment or rise to the level of illegal discrimination, the district court did not err by dismissing her hostile work environment claims. *See Woods v. Graphic Communications*, 925 F.2d 1195, 1200–02 (9th Cir.1991).

■ Because Glass failed to allege extreme and outrageous conduct, the district court properly dismissed her claim for intentional infliction of emotional distress. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 992–93 (9th Cir.1991) (rudeness and insensitive conduct does not amount to extreme and outrageous activity, nor is conduct aggravated when combined with claims of discrimination).

Because further amendment to Glass' complaint would have been futile, the district court did not abuse its discretion by not granting further leave to amend. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.1996).

We decline to address claims not argued in Glass' opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

AFFIRMED.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.